UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JULIUS L. HEARNS,

    Plaintiff,

v.                                        Case No. 4:24-cv-295-WS-MJF

ROBERT C. HALE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Julius L. Hearns, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a complaint under 42 U.S.C. § 1983. Doc. 1. The undersigned recommends that this case be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), because Hearns's complaint fails to state a claim on which relief can be granted and amendment would be futile.

### I. Hearns's Complaint

Hearns (DC #T27262) is an inmate of the Florida Department of Corrections currently housed at the Wakulla Correctional Institution. Doc. 1. Hearns's complaint names three Defendants: Assistant State Attorney Robert Hale; Assistant State Attorney Frances Allmen; and Florida Second Judicial Circuit Court Judge Jonathan Sjostrom.

Hearns's complaint challenges his judgment of conviction in Gadsden County Circuit Court Case No. 2012-CF-46. In Case No. 2012-CF-46, Hearns was convicted of Attempted Felony Murder; Burglary of a Dwelling with a Firearm; Felony Fleeing an Officer (three counts); Fleeing an Officer; Theft of a Firearm (three counts) and Grand Theft of Property. Doc. 1 at 7; *see also Hearns v. Inch*, No. 4:19-cv-28-RH-MJF, 2020 WL 4756761 (N.D. Fla. July 22, 2020) (denying Hearns's habeas corpus petition under 28 U.S.C. § 2254), *report and recommendation adopted*, 2020 WL 4755359 (N.D. Fla. Aug. 17, 2020).[1]

Hearns claims that his criminal judgment is void and that he is imprisoned in violation of the Due Process Clause because (1) the charging information filed by Hale, and the amended charging information filed by Allmen were supported by an arrest report but not sworn testimony by the victims; and (2) Judge Sjostrom convicted and sentenced Hearns to life in prison despite the absence of jurisdiction due to the deficiency in the charging document. Doc. 1 at 5-8. As relief,

---

[1] The court takes judicial notice of its own records pursuant to Rule 201 of the Federal Rules of Evidence. *See* Fed. R. Evid. 201.

Hearns seeks immediate release and $20,000 per day since the date of his arrest.

## II.  SCREENING UNDER 28 U.S.C. §§ 1915(E)(2) AND 1915A

Because Hearns is a prisoner and is proceeding *in forma pauperis*, the District Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

## III.  DISCUSSION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

"A § 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying conviction or sentence 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus.'" *DePalma v. Florida,* No. 22-14292, 2024 WL 181832, at *1 (11th Cir. Jan. 17, 2024) (quoting *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994)). Although *Heck* involved a prisoner seeking money damages, the Supreme Court later clarified that prisoners cannot use § 1983 to obtain *injunctive* relief where success would imply the invalidity of a conviction or sentence. *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).

Hearns's complaint is barred under *Preiser* and *Heck.* Hearns's claims are precisely the type that are barred by *Preiser* because they challenge the validity of Hearns's conviction and he requests "Emergency Released [sic] From This Void Judgement [sic]." Doc. 1 at 8; *see also Preiser,* 411 U.S. at 500. Hearns's claims also are barred by *Heck,* because a determination that Hearns's judgment of conviction violates his constitutional rights necessarily would undermine the validity of Hearns's conviction, and Hearns has not demonstrated that his conviction has been overturned. *See Heck,* 512 U.S. at 486-87; *Wilkinson,* 544 U.S. at 81-82.

Additionally, even if the District Court were to liberally construe Hearns's complaint as a habeas petition, it properly would be dismissed

as an unauthorized second or successive petition. Hearns already filed a habeas petition which was denied with prejudice, and he has not received authorization from the Eleventh Circuit to file a second or successive petition. *See Hearns v. Inch*, No. 4:19-cv-28-RH-MJF, 2020 WL 4755359 (N.D. Fla. Aug. 17, 2020); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (district court lacked jurisdiction to entertain petitioner's second habeas corpus petition because petitioner failed to obtain order from court of appeals authorizing it).

## IV.  FUTILITY OF AMENDMENT

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

In this case, leave to amend the complaint would be futile because a more carefully drafted complaint cannot save Hearns's attempt to challenge his criminal judgment through a civil-rights action. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed. . . ."). Because the deficiencies in Hearns's complaint cannot be cured by amendment, this action should be dismissed without affording him an opportunity for a futile amendment of his complaint.

## V. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A for failure to state a claim on which relief can be granted.

2. The clerk of court enter judgment accordingly and close this case file.

At Panama City, Florida, this 28th day of October, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**